ANDREW S. RAPACKE
The Rapacke Law Group, P.A.
3750 Birch Terrace
Davie, Florida 33330
Telephone: (954) 951-0154
Fasimile: (954) 206-0484
Email: andy@arapackelaw.com
       legal@arapackelaw.com

Attorney for Plaintiff
Tsuen May Trading, Inc.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Tsuen May Trading, Inc. | § | |
|    Petitioner, | § | CIVIL ACTION NO.: |
| v. | § | **COMPLAINT FOR:** |
| Indiadeals, | § | 1) **Declaratory Judgment of** |
| Nirdesh Puri DBA Sharvgun, | § |   **Noninfringement of Copyright** |
| and Ravi, an individual, | § | 2) **Federal Unfair Competition** |
|    Defendant. | § | 3) **Tortious Interference with Business** |
| | § |   **Relations** |
| | § | 4) **Florida's Deceptive and Unfair Trade** |
| | § |   **Practices Act** |
| | § | 5) **Unfair Competition under Florida** |
| | § |   **Common Law** |
| | § | **DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff Tsuen May Trading, Inc. ("Tsuen" or "Plaintiff") in the above-captioned matter and hereby files this Complaint for Declaratory Judgment ("Complaint") and respectfully requests that this Court enter judgment declaring that Plaintiff does not infringe any valid intellectual

property rights of Defendant Indiadeals ("Indiadeals"), Defendant Nirdesh Puri d/b/a Sharvgun ("Sharvgun"), nor Defendant Ravi ("Ravi") (collectively, "Defendants"). In support of this Complaint, Plaintiff respectfully shows the Court as follows:

## I. PARTIES

1. Plaintiff Tsuen May Trading, Inc. is a corporation organized under the laws of the State of Florida with a principal place of business at 5900 NW 97th Ave., Unit C-10, Doral, FL 33178.

2. Upon information and belief, Defendant Nirdesh Puri is an individual d/b/a Sharvgun, with a business address A-2757 4th Floor, Green Fields colony Haryana, Faridabad, India, 121010, and is believed to be the owner of Indiadeals.

3. Upon information and belief, Defendant Indiadeals, with a business address of A 15xx Gate No 3 Main Road, Green Fields Colony, Faridabad, Haryana, India, 121003.

4. Upon information and belief, Defendant Ravi is an individual with an email address of Ravishri414@gmal.com, and is believed to be one owner of Indiadeals. At this time, Plaintiff is unable to ascertain the address of Defendant Ravi.

## II. JURISDICTION AND VENUE

5. This action arises pursuant to the copyright laws of the United States, 17 U.S.C. § 101 et seq, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and under this Court's pendent jurisdiction over related state claims arising under the same operative facts and circumstances pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendants because they have substantial contacts and conducts substantial business in the state of Florida, in this judicial district.

8. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1391 and 1400.

9. On information and belief, Defendants now has and at all times relevant hereto has had substantial contacts with the State of Florida in connection with the development, sale, and/or offering for sale of miscellaneous times through their Amazon seller account, Indiadeals.

10. Defendant Ravi is believed to be an owner of Indiadeals with an email address of

ravishri414@gmail.com.

11. Defendant Sharvgun is believed to an owner of Indiadeals with an email address of sellyourseu@gmail.com.

12. Plaintiff Tsuen May Trading, Inc. is in the business of, among other things, selling miscellaneous items through Amazon under the storefront name of Xtremek ("Xtremek"). A true and correct copy of Xtremek Amazon business information is attached hereto as Exhibit "A" and incorporated herein by reference.

13. Defendant Indiadeals is in the business of, among other things, selling miscellaneous items through Amazon under the storefront name of AustinGroup ("AustinGroup"). A true and correct copy of Indiadeals Amazon business information is attached hereto as Exhibit "B" and incorporated herein by reference.

### III.   FACTUAL BACKGROUND

14. Plaintiff has operated and continues to operate Xtremek for over 20 years and has operated an Amazon storefront for over 11 years.

15. Plaintiff is the owner of the trademark CRYSTALO, U.S. Registration No. 4,898,247, for "semi-precious stones" in International Class 014 and "Decorative centerpieces of crystal; Decorative crystal prisms; Desktop statuary made of crystal; Figures of crystal; Figurines of crystal; Ornaments of crystal; Sculptures of crystal; Statues of crystal; Works of art of crystal" in International Class 021 (the "Crystalo Trademark"). A true and correct copy of the registration is attached as Exhibit "C" and incorporated herein by reference.

16. Defendant Sharvgun is believed to be the owner of the trademark application for SHARVGUN (design), U.S. Application No. 90/758,044, for "marking stamps" in International Class 016, "Artificial stone, figurines of stone, statutes of stone" in International Class 019, "Ceramic knobs, ceramic knobs and glass knobs, porcelain knobs" in International Class 020, and "sarees, petticoats, pajamas, skirts, leggings, trousers, ladies' suits" in International Class 025 (the "Sharvgun Application"). A true and correct copy of the TSDR history is attached as Exhibit "D" and incorporated herein by reference.

17. Plaintiff and Defendants are direct competitors selling competing goods through the use

of Amazon's website, http://amazon.com.

18. Plaintiff uses the storefront Xtremek on Amazon to sell various goods under the Trademarks and has registered the Trademarks under Amazon's brand registry.

19. Trademarks registered under Amazon's brand registry enjoy certain protections, namely, allowing owners the ability to remove listings by unauthorized sellers.

20. On or around November 20, 2021, Defendants used AustinGroup to make a listing under the name Crystalo (the "November 20th Listing").

21. Plaintiff, using Amazon's brand registry tools, filed a complaint with Amazon to remove the listing by AustinGroup.

22. On or around November 20, 2021, Defendants sent Plaintiff an email apologizing for the listing and asking for the complaint to be retracted. A true a correct copy of the email is attached as Exhibit "E" and incorporated herein by reference.

23. On or around December 1, 2021, Defendant's sent Plaintiff another email asking for the complaint to be retracted or "else we will give you policy warnings." A true a correct copy of the email is attached as Exhibit "F" and incorporated herein by reference.

24. As a result of Plaintiff's refusal to retract the complaint, Defendants have and continue to make false assertions of copyright infringement that are directed at Plaintiff and Plaintiff continues to be damaged by lost profits and sales.

25. Defendants, after claiming that Plaintiff's products infringe its intellectual property rights, have already taken strong action to stop Plaintiff's sales of Plaintiff's lawful products by submitting numerous Amazon notices.

26. On December 2, 2021, Defendants submitted a complaint to Amazon alleging copyright infringement by Plaintiff's products for sale, and product listing at Amazon.com, identified by Amazon ASIN No. B07RN99SW7. The complaint clearly noted that the complaint was of copyright infringement. A true and correct copy of the 1st Copyright Infringement Complaint is attached as Exhibit "G" and incorporated herein by reference.

27. To date, Defendants have not provided any evidence or further information regarding its

claims for copyright infringement in the 1st Copyright Infringement Complaint. Defendants have stopped Plaintiff's sales of its lawful products without evidence or foundation for its complaints.

28. As shown on Exhibit G, Defendants pretended to be the owners of the Crystalo Trademark to report said complaint.

29. On December 2, 2021, Defendants submitted a complaint to Amazon alleging copyright infringement by Plaintiff's products for sale, and product listing at Amazon.com, identified by Amazon ASIN No. B09755VDRK. The complaint clearly noted that the complaint was of copyright infringement. A true and correct copy of the 2nd Copyright Infringement Complaint is attached as Exhibit "H" and incorporated herein by reference.

30. To date, Defendants have not provided any evidence or further information regarding its claims for copyright infringement in the 2nd Copyright Infringement Complaint. Defendants have stopped Plaintiff's sales of its lawful products without evidence or foundation for its complaints.

31. On December 2, 2021, Defendants submitted a complaint to Amazon alleging copyright infringement by Plaintiff's products for sale, and product listing at Amazon.com, identified by Amazon ASIN No. B07RRC7QL9. The complaint clearly noted that the complaint was of copyright infringement. A true and correct copy of the 3rd Copyright Infringement Complaint is attached as Exhibit "I" and incorporated herein by reference.

32. To date, Defendants have not provided any evidence or further information regarding its claims for copyright infringement in the 3rd Copyright Infringement Complaint. Defendants have stopped Plaintiff's sales of its lawful products without evidence or foundation for its complaints.

33. As shown on Exhibit I, Defendants pretended to be the owners of the Crystalo Trademark to report said complaint.

34. On December 3, 2021, Defendants submitted a complaint to Amazon alleging copyright infringement by Plaintiff's products for sale, and product listing at Amazon.com, identified by Amazon ASIN No. B097562F63. The complaint clearly noted that the complaint was of copyright infringement. A true and correct copy of the 4th Copyright Infringement Complaint is attached as Exhibit "J" and incorporated herein by reference.

35. To date, Defendants have not provided any evidence or further information regarding its claims for copyright infringement in the 4th Copyright Infringement Complaint. Defendants have stopped Plaintiff's sales of its lawful products without evidence or foundation for its complaints.

36. On December 4, 2021, Defendants submitted a complaint to Amazon alleging copyright infringement by Plaintiff's products for sale, and product listing at Amazon.com, identified by Amazon ASIN No. B01JQ5AHWU. The complaint clearly noted that the complaint was of copyright infringement. A true and correct copy of the 5th Copyright Infringement Complaint is attached as Exhibit "K" and incorporated herein by reference.

37. To date, Defendants have not provided any evidence or further information regarding its claims for copyright infringement in the 5th Copyright Infringement Complaint. Defendants have stopped Plaintiff's sales of its lawful products without evidence or foundation for its complaints.

38. On January 3, 2022, Defendant's sent Plaintiff a second email regarding the November 20th Listing, again asking for the complaint to be retracted or "else we will give you policy warnings." A true a correct copy of the email is attached as Exhibit "L" and incorporated herein by reference.

39. On January 3, 2022, Defendants submitted a complaint to Amazon alleging copyright infringement by Plaintiff's products for sale, and product listing at Amazon.com, identified by Amazon ASIN No. B097569SGK. The complaint clearly noted that the complaint was of copyright infringement. A true and correct copy of the 6th Copyright Infringement Complaint is attached as Exhibit "M" and incorporated herein by reference.

40. To date, Defendants have not provided any evidence or further information regarding its claims for copyright infringement in the 6th Copyright Infringement Complaint. Defendants have stopped Plaintiff's sales of its lawful products without evidence or foundation for its complaints.

41. On January 3, 2022, Defendants submitted a complaint to Amazon alleging copyright infringement by Plaintiff's products for sale, and product listing at Amazon.com, identified by Amazon ASIN No. B0975677BP. The complaint clearly noted that the complaint was of copyright infringement. A true and correct copy of the 7th Copyright Infringement Complaint is attached as Exhibit "N" and incorporated herein by reference.

42. To date, Defendants have not provided any evidence or further information regarding its claims for copyright infringement in the 7th Copyright Infringement Complaint. Defendants have stopped Plaintiff's sales of its lawful products without evidence or foundation for its complaints.

43. On January 3, 2022, Defendants submitted a complaint to Amazon alleging copyright infringement by Plaintiff's products for sale, and product listing at Amazon.com, identified by Amazon ASIN No. B09756GZZZ. The complaint clearly noted that the complaint was of copyright infringement. A true and correct copy of the 8th Copyright Infringement Complaint is attached as Exhibit "O" and incorporated herein by reference.

44. To date, Defendants have not provided any evidence or further information regarding its claims for copyright infringement in the 8th Copyright Infringement Complaint. Defendants have stopped Plaintiff's sales of its lawful products without evidence or foundation for its complaints.

45. Plaintiff is adamant that no copyright infringement has occurred since Plaintiff takes its own picture, writes their own product descriptions, and uses their own titles on its Amazon listings.

46. Due to these and other unfounded complaints by Defendants, and at the request of Defendants, Plaintiff's products for sale and product listing at Amazon.com was removed.

47. Based solely on these allegations of copyright infringement by Defendants, Amazon has removed one or more of Plaintiff's product listings. To date, the listings have still not been restored.

48. Such removal and damage to Plaintiff continues at the time of filing.

49. Defendants have therefore attempted and succeeded in stopping Plaintiff's sales of its lawful products without any evidence, proven intellectual property right, or any foundation for their complaints.

50. Defendants have also unambiguously articulated to Plaintiff its intent and willingness to commence litigation to enforce its purported intellectual property rights by filing numerous complaints with Amazon.

51. Plaintiff's products remain unlisted for sale on Amazon.com caused solely by Defendant's false allegations of copyright infringement.

52. Plaintiff therefore continues to be damaged by Defendants' actions.

53. Defendants have therefore directly damaged Plaintiff, with such damages continuing to be incurred.

54. There presently exists a justiciable controversy regarding Plaintiff's right to sell its products free of any false allegation by Defendants and that such conduct constitutes an infringement of any copyright rights allegedly owned by Defendants.

55. This judicial district and the State of Florida are central to the facts of this dispute because this dispute arises from the substantial sales of each party's products and the stoppage of Plaintiff's products including substantial business in this judicial district which has been affected by Defendant's wrongful, malicious actions in falsely asserting copyright infringement.

### IV. CLAIMS FOR RELIEF

**Count I**
(Declaratory Judgment – Copyright Infringement)

56. Plaintiff incorporates by reference and realleges paragraphs 1 through 48 above as though fully set forth herein.

57. This is a declaratory judgment action under the copyright laws of the United States, 17 U.S.C. § 101 et seq, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

58. In keeping with the remedial objectives of the Declaratory Judgment Act, 28 U.S.C. § 2201, there is a need for this Court to speedily and expeditiously declare that Plaintiff has not infringed any valid copyright of Defendants.

59. As alleged in more detail above, Defendants have alleged copyright infringement in numerous Amazon postings.

60. Defendants have taken actions to stop Plaintiff's sales based on such claimed copyright infringement, including securing the removal of product listings on Amazon.

61. Plaintiff continues to be damaged by these actions by Defendants.

62. Defendants have created a present and actual controversy between Plaintiff and Defendants concerning the matter of whether Plaintiff's products infringe one or more of Defendant's alleged copyright rights.

63. As an actual justiciable controversy exists by way of the credible threats of policy warnings, the removal of legitimate listings, and the threat of immediate litigation, Plaintiff seeks relief from this Court.

64. The manufacture, use, sale and offer of sale of products by Plaintiff does not infringe any copyright rights claimed by Defendants.

65. Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable copyright rights owned by Defendants, either directly or by inducing others to infringe or by contributing to infringement by others.

## COUNT II
(Federal Unfair Competition)

66. Plaintiff incorporates by reference and realleges paragraph 1 through 58 above as though fully set forth herein.

67. Defendants' objectively and subjectively baseless assertions of copyright infringement against Plaintiff and its customers made in Amazon's takedown notices constitute bad faith commercial statements made in an attempt to divert customers from Plaintiff and to otherwise injure Plaintiff's ability to compete and have unlawfully diverted trade, goodwill, and revenue from Plaintiff. Defendants have been and are being unjustly enriched with other benefits proximately caused by and/or resulting from their unlawful acts as alleged herein, in violation of 15 U.S.C. § 1125.

68. The actions of Defendants alleged in this complaint have caused and will continue to cause substantial and irreparable harm, damage, and injury to Plaintiff for which Plaintiff has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT III
(Tortious Interference with Business Relations)

69. Plaintiff incorporates by reference and realleges paragraph 1 through 61 above as though fully set forth herein.

70. Defendants have intentionally and willfully calculated to cause damage to Plaintiff's business relationships with its customers and business associates by sending subjectively baseless

assertions of copyright infringement to Amazon alleging that Plaintiff's products infringe Defendant's intellectual property rights.

71. Additionally, Defendants have intentionally and willfully calculated to cause damage to Plaintiff's business relationships with its customers and business associates by making false statements in writing to Amazon causing significant damage to Plaintiff's business.

72. Defendant's actions alleged in this Complaint were done with an intent to damage Plaintiff's business relationships and to cause a termination of such relationships.

73. Defendants have attempted and succeeded in doing just that. Plaintiff's listings were closed and its products stopped from sale, despite a glaring lack of sufficient information to prove Defendants' assertions.

74. Defendants had no right or justifiable cause for its conduct in the actions alleged herein.

75. The acts of Defendants alleged in this Complaint have caused irreparable harm to Plaintiff.

76. Unless enjoined, Defendants' acts alleged herein will continue to cause Plaintiff irreparable harm, loss, and injury.

**COUNT IV**
(Violation of Florida's Deceptive and Unfair Trade Practices Act)

77. Plaintiff incorporates by reference and realleges paragraph 1 through 69 above as though fully set forth herein.

78. This is a claim for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") under Chapter 501 of the Florida Statutes.

79. By reason of the foregoing, Defendants' actions actually deceived or are likely to deceive and mislead the public into believing that the products associated with Plaintiff are counterfeit and/or that Plaintiff is engaging in the sale of counterfeit products.

80. By reason of the foregoing, Defendants' actions constitute willfully unfair and deceptive conduct in violation of the FDUTPA, Fla. Stat. §§ 501.201, *et seq*. and unfair competition under Florida common law.

81. By reason of the foregoing, Plaintiff is being irreparably damaged by Defendants' activities in the manner set forth above and will continue to be irreparably damaged unless Defendants are enjoined from the aforesaid acts. Plaintiff has no adequate remedy at law.

**COUNT V**
(Unfair Competition Pursuant to the Florida Common Law)

82. Plaintiff incorporates by reference and realleges paragraph 1 through 74 above as though fully set forth herein.

83. Defendants have engaged in unfair competition arising under the common law of the State of Florida.

84. By reason of the foregoing, Defendants, as a market competitor of Plaintiff, is engaged in deceptive conduct by disseminating false and misleading representations that Plaintiff is selling counterfeit goods and infringed on Defendant's purported copyrights.

85. Defendants' conduct caused consumer confusion because it had a material effect on Plaintiffs customers' and prospective customers' decisions and ability to purchase Plaintiff's goods or do business with Plaintiff.

86. As a result of Defendants' unfair competition, Plaintiffs' customers and prospective customers were actually deceived or are likely to be deceived and confused into believing that Plaintiff's products are counterfeit.

87. As a direct and proximate result of Defendants' actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

88. As a direct and proximate result of Defendants' actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

89. Defendants will continue their actions, constituting false or misleading representation of fact and unfair competition, unless enjoined by this Court.

//

## V.     PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff asks this Court to enter judgment in their favor against Defendant and grant the following relief, as to all claims for relief:

90. An order declaring that the manufacture, use, sale and offer of sale of numerous items manufactured by Plaintiff does not infringe any valid, distinctive and enforceable copyright rights allegedly owned by Defendants;

91. That the court award Plaintiff its damages and Defendants' profits resulting from Defendants' unfair competition and tortious interference with Plaintiff's business relationships;

92. An award to Plaintiff of actual damages adequate to compensate Plaintiff for Defendants' wrongful actions which have caused Plaintiff damages, including Defendants' false claims made to stop Plaintiff's products from sale;

93. That the court award Plaintiff its reasonable attorneys' fees, costs, and expenses, where available; and

94. Any further relief that this Court deems just and proper.

THE RAPACKE LAW GROUP, P.A.

Dated: 01/05/2022          By:     /s/Andrew S. Rapacke
                                    Andrew S. Rapacke, Esq.
                                    The Rapacke Law Group, P.A.
                                    3750 Birch Terrace
                                    Davie, FL 33330
                                    Phone: 954-951-0154
                                    Email: Andy@arapackelaw.com

                                    *Attorney for Plaintiff*
                                    Florida Bar No. 116247

(Remainder of page left intentionally blank)

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues triable as of right to a jury. Fed. R. Civ. P. 38(b).

                                    THE RAPACKE LAW GROUP, P.A.

Dated: 01/05/2022                        By:    /s/Andrew S. Rapacke
                                                                         Andrew S. Rapacke, Esq.
                                                                              The Rapacke Law Group, P.A.
                                                                              3750 Birch Terrace
                                                                              Davie, FL 33330
                                                                              Phone: 954-951-0154
                                                                              Email: Andy@arapackelaw.com

                                                                              *Attorney for Plaintiff*
                                                                              Florida Bar No. 116247

(Remainder of page left intentionally blank)